**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edson Lee NOLAN, Defendant-Appellant.**

**No. 18580.**

United States Court of Appeals
Sixth Circuit.

July 15, 1969.

John West, court appointed, Cincinnati, Ohio, for appellant.

Roger J. Makley, Asst. U. S. Atty., Dayton, Ohio, for appellee, Robert M. Draper, U. S. Atty., Charles R. Dersom, Asst. U. S. Atty., Columbus, Ohio, on the brief.

Before WEICK, Chief Judge, and EDWARDS and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant appeals from his conviction after jury trial before the United States District Court for the Southern District of Ohio for armed robbery of a bank, in violation of 18 U.S.C. § 2113(a) and (d) (1964).

The bank robbery occurred on the morning of February 21, 1967, in Frankfort, Ohio. That same evening the FBI asked appellant to appear for an interview concerning the robbery. Appellant did appear and was interrogated. He was also placed in a lineup but was not identified.

After this interrogation, appellant left Ohio and went to Arizona. In April of 1967 the FBI discovered where appellant was residing in Phoenix, Arizona. An FBI agent, Ernest C. Smith, filed two affidavits based upon investigation and surveillance in Phoenix and procured and executed two search warrants. One search warrant pertained to a car which appellant had purchased in Arizona, and the other to the room in which he was living. The search of the car produced specific items (including a money bag with the name of the bank printed on it) which were identified as fruits of the bank robbery and were introduced at appellant's trial.

Appellant now attacks the affidavit and the search of the car on the grounds that probable cause for that search was not established.

The disputed affidavit follows:

"The undersigned being duly sworn deposes and says:

"That he (has reason to believe) that (on the premises known as) a 1960 Dark red Pontiac, bearing 1967 Arizona License JJA 137, now located in the driveway in front of Apt. 8, 4935 East Thomas Road, Phoenix, Arizona. Said vehicle being the property of and in the possession of Edson Lee Nolan.

" in the District of Arizona there is now being concealed certain property, namely $4,062.05 in U.S. Currency and coins, consisting of 2 $500.00 packages of $10.00 bills, $200.00 in rolled 5 cent coins, $190.00 in rolled 25 cent coins, $45.00 in rolled 10 cent coins and $2,680.35 in miscellaenous [sic] coins & currency. A $25.00 face value, U.S. Treasury Dept. Series E. Bond, in the name of Samuel & Lavina Saxour, Rt. #1 Frankfort, Ohio. Bank money bags, a bandana handerchief [sic], a pair of blue bibbed overalls, 1 old style nickel plated long barrelled revolver with pearl grips, 1 nickel plated snub nosed revolver with dark grips, wiggs [sic] and facial putty make up. Which are the fruits, instrumentalities & proceeds of a Bank Robbery of the Citizens National Bank of Chillicothe, Ohio, Merchants & Farmers Branch,

at Frankfort, Ohio on February 21, 1967.

"And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: Edson Lee Nolan is a suspect in the above bank robbery. When F. B.I. Agents went to the above address to talk with Ray Gray, Jr. who had information about this matter, Nolan whom the agents did not know observed them enter the house and escaped of foot. On this date 4/4/67 Special Agents Ernest C. Smith & Wallace T. Ferguson looked through the windows of the above vehicle and personally observed several rolls of coins in the opened glove compartment of the vehicle.

/s/ "ERNEST C. SMITH
Spec. Agent, F.B.I."

The affidavit in relation to the search of the room appellant was occupying was also before the Commissioner at the time the search warrant for the car was issued. It provided:

"The undersigned being duly sworn deposes and says:

"That he (has reason to believe) that (on the premises known as) A bedroom in the residence of Irving Morgan @ 3114 N. 43rd Ave., Phoenix, Arizona. This bedroom is situated at the South East Corner of the residence. It is further described as the second bedroom on the left after entering from the front door and making a left turn into the hall. Said bedroom is now rented to Edson Lee Nolan.

" in the District of Arizona there is now being concealed certain property, namely $4,062.05, consisting of 2 $500.00 packages of $10.00 bills, $200.00 in rolled 5 cent coins, $190.00 in rolled 25 cent coins, $45.00 in rolled 10 cent coins and $2,-680.35 in Miscellaenous [sic] U.S. Coins and currency. (All of the preceding money is U.S. Coins or Currency.) A $25.00 face value, U.S. Treasury Dept. Series E. Bond, in the name of Samuel & Lavina Saxour Rt. #1 Frankford, Ohio, Bank money bags, a bandana Handerchief [sic], a pair of blue bibbed overalls, 1 old style nickel plated long barrelled revolver with pearl grips, 1 nickel plated snub nosed revolver with dark grips, wigs and facial putty make up. Which are the fruits, instrumentalities & proceeds of a Bank Robbery of the Citizens National Bank of Chillicothe, Ohio, Merchants & Farmers Branch, at Frankfort, Ohio on February 21, 1967.

"And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: On 4/4/67, Ray Gray, Jr. of 4935 E. Thomas Road, Apt. #8, advised Spec. Agents Ernest C. Smith & Wallace T. Ferguson of the F.B.I. that he was a close friend of Edson Lee Nolan and had had occasion to visit the subject in his room at 3114 N. 43rd Ave. in Phoenix, Ariz. At which time he observed a large number of rolled coins in Nolan's suitcase.

"Gray further furnished information about Nolan's girl friend, residence, and employment, which information proved on subsequent investigation to be reliable.

"Edson Lee Nolan is a suspect in the Armed robbery of the above listed bank.

/s/ "ERNEST C. SMITH
Spec. Agent, F.B.I."

No attack is made upon the sufficiency of this affidavit to support the issuance of the search warrant for appellant's room.

We believe that the "probable cause" requirement of the Fourth Amendment was amply complied with in the two affidavits which were before the Commissioner. The Commissioner at the time of issuance of the search warrant for the car had before him facts "supported by oaths or affirmation" constituting "probable cause," "particularly describing the place to be searched" and the "things to be seized." U.S. CONST.

amend. IV. Assuming that the hearsay evidence from Ray Gray, Jr., was essential to a finding of probable cause, there were "underlying circumstances" in Gray's personal observation of the rolls of coins in appellant's suitcase and in the FBI's confirmation of other information to support both the credibility of the hearsay and Gray's "reliability." See Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 416, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

The United States Supreme Court has never squarely decided whether or not, when one of two contemporaneously filed affidavits is attacked, the evidence supplied by the other can be considered as support for the Commissioner's finding of probable cause for the warrant under attack. In several cases the Second Circuit has held that where both affidavits were before the Commissioner, they could be considered together. United States v. Serao, 367 F.2d 347 (2d Cir. 1966), *vacated and remanded on other grounds sub nom.*, Piccioli v. United States, 390 U.S. 202, 88 S.Ct. 899, 19 L. Ed.2d 1034 (1968), *indictment dismissed on remand*, 394 F.2d 989 (2d Cir. 1966); United States v. Bozza, 365 F.2d 206 (2d Cir. 1966); United States v. Markis, 352 F.2d 860 (2d Cir. 1965), *vacated and remanded on other grounds*, 387 U.S. 425, 87 S.Ct. 1709, 18 L.Ed.2d 864 (1967).

The authority of two of these cases on this point is, of course, weakened by the fact of reversal on other grounds.

 The fundamental attack made here, however, is a claim that Nolan's Fourth Amendment rights were violated. We believe that consistent with the Fourth Amendment the facts supplied the Commissioner by both affidavits could be taken into account by him in determining probable cause in relation to each.

Taken together, the two affidavits in the instant case establish that:

1) Nolan was the subject of FBI surveillance in Phoenix, Arizona, in connection with an Ohio bank robbery;

2) A large number of coins in rolls were part of the bank robbery loot;

3) Ray Gray, Jr., a close friend of Nolan, had personally observed a large number of rolled coins in Nolan's suitcase;

4) Gray had furnished other information to the FBI agents which tended to establish his reliability as an informant;

5) Nolan fled on foot when the FBI agents went to talk with Gray;

6) The agents observed several rolls of coins in the open glove compartment of a car belonging to Nolan.

We believe the specificity and authentication provided by these facts meet the standards set forth in *Aguilar* and *Spinelli, supra.*

We should note, however, that the Commissioner in issuing the search warrant for the car indicated in the warrant that he had considered the affidavit (not affidavits) of FBI Agent Smith in concluding that there was probable cause for the search. What remains then is the question as to whether failure of the Commissioner to include reference to both affidavits in the disputed warrant in accordance with the terms of Rule 41(c) of the Federal Rules of Criminal Procedure requires reversal of this case.

The exclusionary rule was designed to implement the purpose of the Fourth Amendment. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, *rehearing denied*, 368 U.S. 871, 82 S.Ct. 23, 7 L.Ed. 2d 72 (1961).

Speaking of that purpose, the Supreme Court said in the *Mapp* case:

"[W]e can no longer permit [the Fourth Amendment] to be revocable at the whim of any police officer who, in the name of law enforcement itself,

chooses to suspend its enjoyment." Mapp v. Ohio, *supra* at 660, 81 S.Ct. at 1694.

■ Thus, clearly, the exclusionary rule was not designed to correct the administrative errors of a United States Commissioner. Rather, it was intended to prevent violation of the Fourth Amendment by police officers who willfully failed to seek judicial authority for search warrants.

■ In this case the law enforcement officers have vindicated the above stated purpose of the Supreme Court's construction of the Fourth Amendment by applying for and receiving such warrants from the designated judicial authority upon sworn evidence showing probable cause.

In discussing a reviewing court's attitude toward search warrants, the United States Supreme Court has said:

> "[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." United States v. Ventresca, 380 U.S. 102, 108, 85 S. Ct. 741, 746, 13 L.Ed.2d 684 (1965).

We find no reversible error in the admission of the evidence seized in the search of the automobile.

Appellant's other appellate issues are, we believe, insubstantial and the clearly admissible proofs were so overwhelming as to enable us to say that no other as-

serted error prejudiced the outcome of this trial or harmed appellant's cause. Fed.R.Crim.P. 52(a).

The judgment of the District Court is affirmed.