**UNITED STATES, Appellant,**

v.

**James E. SCOTT, Appellee.**

**No. 5209.**

District of Columbia Court of Appeals.

Submitted Sept. 16, 1970.

Decided Oct. 8, 1970.

Thomas A. Flannery, U. S. Atty., John A. Terry, John D. Aldock and John O'B. Clarke, Jr., Asst. U. S. Attys., were on the brief, for appellant.

No appearance was entered for appellee.

Before HOOD, Chief Judge, KERN and NEBEKER, Associate Judges.

KERN, Associate Judge.

The trial court suppressed certain items seized from appellee's apartment during a *daytime* search in the execution of a warrant issued by a United States magistrate authorizing such search *at any time*.

The affidavit by a police officer in support of the application for such warrant stated that, a previously reliable informant had reported that whiskey was being sold

in violation of the District of Columbia ABC laws [1] at a certain apartment; two days after this report affiant went to such apartment and purchased liquor, although the ABC Board had issued no license to sell liquor there; and, while there, affiant heard bottles clinking together in the next room of the apartment and, as he left, he saw others "going in buying whiskey." The officer concluded his affidavit by stating his "firm belief that other alcoholic beverages are being concealed on the premises to be sold in violation of the ABC laws of the District of Columbia."

The magistrate found probable cause to believe liquor was being sold on these premises in violation of the ABC laws and issued the warrant authorizing a search of appellee's apartment at any time during the day or night. Three days later at about 10 o'clock *in the morning,* the police executed the search warrant and found not only liquor but numbers slips and a pistol. Appellee who was arrested on the premises moved to suppress the items seized and the trial court granted his motion.[2]

Rule 41(c) provides in pertinent part:

A warrant shall issue only on affidavit * * * establishing the grounds for issuing the warrant. If the * * * commissioner is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. * * *  *The warrant shall direct that it be served in the daytime, but if the affidavits are positive that the property is on the person or in the place to be searched, the warrant may direct that it be served at any time.* (Emphasis supplied.)

We assume for the purpose of deciding this appeal that the absence of the word "positive" from the officer's affidavit would have invalidated a nighttime search had one been conducted.[3] Nevertheless, in determining the lawfulness of the police action here we must look at what was and not what might have been. The magistrate's finding of probable cause had clear support from the affidavit and justified a search of the apartment during the day. We see no useful purpose in applying the exclusionary rule to penalize the police for the magistrate's error in authorizing a broader search than should have been permitted and was in fact conducted. *See* United States v. Nolan, 413 F.2d 850, 853–854 (6th Cir. 1969). While there was not strict compliance with Rule 41(c) in the instant case we conclude that the error constituted technical defect and not an unreasonable action on the part of the Government prejudicing constitutionally protected rights. United States v. Ravich, 421 F.2d 1196, 1201–1202 (2d Cir. 1970); United States v. Fitzmaurice, 45 F.2d 135 (2d Cir. 1930).

---

1. D.C.Code 1967, Section 25–1C9(a) states in pertinent part:
   No individual * * * shall, within the District of Columbia, manufacture for sale, keep for sale, or sell any alcoholic beverage without having first obtained a license under this chapter for such manufacture or sale * * *.

2. Appellee, who filed no brief in this court, alleged in support of his motion that (1) the officers when executing the warrant failed to announce their authority or purpose, (2) the articles seized were outside the scope of the warrant and (3) the affidavit in support of the warrant was insufficient because it failed to comply with Fed.R.Crim.P. 41(c). The trial court rested its ruling to suppress upon the last ground advanced by appellee.

3. *But see* United States v. West, 328 F.2d 16, 18 (2d Cir. 1964), where the court upheld a nighttime search, although the warrant had issued upon an affidavit which omitted the word "positive."
   It is wholly immaterial that LaPerch [the Government agent] did not use the word "positive" in his affidavit. Even had he done so, the validity of the warrant would depend on whether the facts stated in the affidavit were so definite and explicit that there could be little or no doubt that the property was on the premises.

Accordingly, we reverse the order of suppression and remand the case without prejudice to the timely raising by appellee, if he should be so advised, of any factual issue concerning the lawfulness of the officer's entry in executing the warrant, which was unresolved by the trial court. *See* n. 2, *supra*.

Reversed and remanded in accordance with the directions in this opinion.