## UNITED STATES of America

v.

## John E. HATFIELD.

### Civ. No. 3–78–57.

United States District Court,
E. D. Tennessee, N. D.

Aug. 29, 1978.

Edward E. Wilson, J. Michael Haynes, Jr., Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

Farrell A. Levy, Knoxville, for defendant.

### MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case is before the Court on the motion of defendant to suppress all evidence obtained as a result of the search warrant on the ground that the search warrant was too broad. During the oral hearing the Court indicated to counsel that the decisive question was whether or not an overbroad search warrant could be sustained when the property obtained as a result of the search was pursuant to the portion of the warrant justified by the supporting affidavit. In this case, the warrant authorized a search for the legally required records of a licensed gun dealer and for guns on the dealer's premises. The affidavit justified a search for the records, but not for guns.

For the reasons stated below, the Court is of the opinion that the search was overbroad and, therefore, illegal and any evidence that was obtained as a result of the search is not admissible.

The Fourth Amendment prohibits general warrants. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). One purpose of this prohibition is to ensure that judicially authorized searches are as "limited in scope as the justifications for them." *United States v. Burch*, 432 F.Supp. 961 (D.Del.1977). Thus, a valid search warrant must describe the things to be seized with particularity. *See Coolidge, supra,* and *Stanford v. Texas*, 379 U.S. 476,

85 S.Ct. 506, 13 L.Ed.2d 431 (1965). Since a search warrant authorizes a significant state intrusion into a person's privacy, the warrant must be strictly construed. *United States v. Wright*, 468 F.2d 1184 (6th Cir. 1972); *United States v. Higgins*, 428 F.2d 232 (7th Cir. 1970); *United States v. Burch, supra.* This warrant authorizes a search on defendant's premises not justified by probable cause in the supporting affidavit. Since the search conducted on defendant's premises cannot reasonably be viewed as two separable searches, all evidence obtained as a result of the search is tainted by the overbroad warrant, *see United States v. Burch, supra,* and must be suppressed.

Accordingly, it is ORDERED that defendant's motion to suppress the evidence obtained by the search of defendant's business premises on September 21, 1977 be, and the same hereby is, sustained.

Order Accordingly.