UNITED STATES of America, Plaintiff,

v.

William OSBORNE et al., Defendants.

No. CR–2–80–3.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 7, 1980.

John H. Cary, U. S. Atty., Knoxville, Tenn. by Guy W. Blackwell, Jr., Asst. U. S. Atty., Greeneville, Tenn., and Richard K. Harris, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Ben Hooper, II, Newport, Tenn., for defendants.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

The prosecution filed herein on June 20, 1980 a bill particularizing everything to which the Court thinks the defendants Mr. Osborne and Big T Pharmacy, Inc. are entitled to inform them of the nature of the respective charges against them with sufficient precision to enable them to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable each of them to plead his or its acquittal or conviction in bar of another prosecution for the same offenses. *See United States v. Birmley*, C.A. 6th (1976), 529 F.2d 103, 108[12]. Accordingly, the motion of such defendants for a bill of particulars hereby is

DENIED.

The motion of the same defendants for a dismissal of the indictment herein on the ground of " * * * vagueness and indefiniteness * * * " hereby is

DENIED. *Hamling v. United States* (1974), 418 U.S. 87, 117–118, 94 S.Ct. 2887, 2907–08, 41 L.Ed.2d 590, 620–621[25–27].

In connection with the charges against the defendants Mr. Osborne and Big T Pharmacy, Inc. contained in a prior indictment herein, the Court held a pretrial evidentiary hearing on the motion of those defendants to suppress certain evidence seized pursuant to an inspection-warrant. *See* Rule 12(b)(3), Federal Rules of Criminal Procedure. It is stipulated that, in lieu of an evidentiary hearing on the identical pending motion of such defendants, the Court may consider the evidence developed at the prior hearing, and that such evidence may be made part of the record on the pending indictment. The Court so does, and it so is.

The movants attack the inspection-warrant issued by a magistrate of this district pursuant to a provision of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 880(d). That specific provision authorizing a warrant for an inspection prevails over the more general warrant provision for a search and seizure of Rule 41, Federal Rules of Criminal Procedure. *See Gooding v. United States* (1974), 416 U.S. 430, 447, 94 S.Ct. 1780, 1789, 40 L.Ed.2d 250, 262, n. 27[1]. It is not contended by the movants that the inspection-warrant is deficient under the Constitution, Fourth Amendment; only that its issuance was not accompanied obediently to the pertinent statutory requisites. Of the various specific grounds advanced in support of such motion, only 2 merit discussion.

It is contended that the "affidavit"[1] presented to the magistrate who issued the inspection-warrant, and upon which he based his finding of probable cause, was insufficient for that purpose. Applying the criteria reiterated recently in *United States v. Hatfield*, C.A. 6th (1979), 599 F.2d 759, this Court cannot say that the magistrate's finding of probable cause was arbitrary.

■ Within the meaning of 21 U.S.C. § 880(d)(1), probable cause, sufficient to justify the issuance of an inspection-warrant, may be established by the mere fact that a substantial period of time has passed since the most recent inspection of the particular establishment. *United States v. Prendergast*, D.C.Pa. (1977), 436 F.Supp. 931, 932[1], affirmed C.A. 3d (1978), 585 F.2d 69; *United States v. Greenberg*, D.C.Pa. (1971), 334 F.Supp. 364, 367; *see Camara v. Municipal Court* (1967), 387 U.S. 523, 538, 87 S.Ct. 1727, 1735, 18 L.Ed.2d 930, 940–941 (the passage of a certain period without inspection might of itself be sufficient in a given situation to justify the issuance of a warrant.)[2] As a part of the statutory scheme involved, regulations of the Drug Enforcement Administration contemplate the inspection of each regulated establishment " * * * once every 3 years. * * * " 21 C.F.R. § 1316.13.

■ Among the facts sworn to before the magistrate, prior to his issuance of the warrant herein, was that the Big T Pharmacy, Inc. had been inspected previously " * * * approximately three years ago. * * * " While the date of the last inspection of this establishment could better have been stated more precisely,[3] the magistrate obviously

1. The facts set forth by the agent in support of his application for the inspection-warrant were contained in the application itself. Although there was no separate document entitled "affidavit," the Court deems this merely a matter of form rather than substance. Clearly, the factual matters set forth in the application for the warrant were sworn to before the magistrate. The Court sees no error merely because the magical word "affidavit" was not utilized.

2. The legislative history of the Act makes clear that its warrant requirements were inserted

into the statute in deference to the Supreme Court's decisions in *Camara, supra,* and *See v. Seattle* (1967), 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943. House Report no. 91–1444 reprinted in 3 U.S.Code Cong. & Admin.News (1970), 91st Cong., 2d Sess. 4566.

3. *Cf.* 21 C.F.R. § 1316.09(a)(4)(i), (ii), stating that an application for such a warrant should contain a statement that the establishment either has not been inspected previously or " * * * was not inspected on a particular date."

415

could have inferred reasonably from the facts before him that a substantial period of time had passed since the last inspection of the Big T Pharmacy, Inc. Accordingly, a predicate existed for the magistrate's finding of probable cause, and that finding is conclusive. *United States v. Giacalone*, C.A. 6th (*en banc*, 1976), 541 F.2d 508, 513[3].

■ It was required that the inspection-warrant issued herein " * * * state the grounds for its issuance and the name of the person or persons whose affidavit has been taken in support thereof. * * * " 21 U.S.C. § 880(d)(2). The movants complain that this warrant is deficient because it does not state adequately the grounds for its issuance. Assuming, without deciding, that the warrant is deficient in this regard, that does not justify the application of the rule excluding the evidence discovered in the execution of the warrant.

At the time 21 U.S.C. § 880(d) was enacted, Rule 41(c), Federal Rules of Criminal Procedure, contained an almost identical provision which required a search warrant to " * * * state the grounds for its issuance and the names of the persons whose affidavits have been taken in support thereof. * * * " In 1972, however, that rule was amended so as to delete those requirements. The purpose of such amendment was to eliminate unnecessary paperwork. 3 Wright, Federal Practice and Procedure: Criminal, 1979 Suppl. 693, n. 76.1. The elimination of the need for the inclusion of such information on the face of a search warrant was insignificant because anyone desiring to attack the validity of the warrant was given access to the affidavits upon which the warrant had been issued. *See idem.* Apparently, however, Congress did not eliminate the comparable provision contained in 21 U.S.C. § 880(d)(2).

In a case arising under former Rule 41(c), *supra*, the Court of Appeals for this Circuit refused to apply the exclusionary rule, so as to bar evidence seized by officers acting pursuant to a search warrant, merely because the issuing magistrate had failed to state completely on the warrant the names of the persons whose affidavits had been taken in support thereof. *United States v. Nolan*, C.A. 6th (1969), 413 F.2d 850. The Court noted therein that the exclusionary rule was aimed at implementing the purpose of the Constitution, Fourth Amendment. *Ibid.*, 413 F.2d at 853. However, that rule clearly " * * * was not designed to correct the administrative errors of a United States Commissioner [now Magistrate]. Rather, it was intended to prevent violation of the Fourth Amendment by police officers who willfully failed to seek judicial authority for search warrants. * * * " *Ibid.*, 413 F.2d at 854[3]. Thus, our appellate court concluded that the purposes underlying the exclusionary rule had been vindicated when the law enforcement officers made an application for and received a warrant from the proper judicial authority upon sworn evidence showing probable cause, even 'though there may have been a technical deficiency on the face of the warrant itself. *Ibid.*, 413 F.2d at 854[4]. This Court is of the opinion that the rationale followed in *Nolan, supra*, is applicable to any possible deficiency on the face of the warrant herein as to the necessary statement of the grounds for its issuance.

If the right of the people of this nation to be free from unreasonable searches and seizures is to have substantial viability, our law-enforcement officers must be encouraged to conduct their searches and make seizures pursuant to warrants issued by detached judicial officers. " * * * A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting. * * * " *United States v. Ventresca* (1965), 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689. One of the better ways to foster the increased use of warrants is to give law-enforcement officials the assur-

ance that, when a warrant is obtained in a close case, its validity will be upheld. *United States v. Hatfield, supra,* 599 F.2d at 761.

The motion to suppress hereby is OVERRULED.