The STATE of Ohio, Appellant,

v.

HILLEGASS, Appellee.■

[Cite as *State v. Hillegass* (2001), 144 Ohio App.3d 108.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000508.

Decided March 30, 2001.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Thomas J. Boychan, Jr.,* Assistant Prosecuting Attorney, for appellant.

*Richard J. Goldberg,* for appellee.

PAINTER, Judge.

The state appeals from the trial court's decision suppressing evidence. The defendant also assigns error,[1] objecting to the trial court's admission of "bolstering" testimony in the suppression hearing. We reverse.

Defendant-appellee Jack D. Hillegass was indicted as a major drug offender[2] for possession of,[3] and trafficking in,[4] a large quantity of the drug known as "Ecstasy," and for possession of a smaller amount of cocaine.[5] The drugs were

1. See R.C. 2505.22.

2. See R.C. 2925.11(C)(1)(e) and 2925.03(C)(1)(f).

3. See R.C. 2925.11(A).

4. See R.C. 2925.03(A).

5. See R.C. 2925.11(A) and 2925.11(C)(4)(a).

seized from a hotel room under a search warrant. The trial court found the warrant to have been lacking in probable cause because the underlying affidavit did not explicitly specify the date that certain events it referred to had occurred. Also concluding that the officers executing the warrant could not have objectively relied in good faith on such a deficient warrant, the trial court granted Hillegass's motion to suppress the evidence.

One evening at 8:55 p.m., Hamilton County Municipal Court Judge Robert Taylor signed a search warrant authorizing Cincinnati police officers to search a residence for the drug Ecstasy. Officer Ray swore in the affidavit for the search warrant that he believed Ecstasy would be found in the residence because of a lengthy investigation and because a proven informant had seen Ecstasy in the residence within the past forty-eight hours. The initial search warrant and its accompanying affidavit were admitted at the hearing on Hillegass's motion to suppress evidence from a second search, despite Hillegass's objection that they were irrelevant. In his appeal, Hillegass does not contend that the court erred in admitting the first search warrant and accompanying affidavit.

At 11:37 p.m. on the same evening, Judge Taylor signed a second search warrant. The underlying, handwritten affidavit to support this search warrant was signed by Officer Donnell, and stated that a residence had been searched. The address of the residence that had been searched was the same address that the police had been authorized to search under the first warrant that Judge Taylor had issued two and one-half hours earlier. But the affidavit did not specifically state the date or time that the search had taken place.

According to Officer Donnell's affidavit, the residential search had resulted in the arrest of a suspect and the seizure of one thousand Ecstasy pills. The affidavit also stated that the police had discovered a key to room 211 from a local motel in the suspect's possession, and that the suspect had admitted that he had left that room with one thousand Ecstasy pills. In addition, Officer Donnell indicated in his affidavit that a reliable informant had told him that the suspect was to have had in his possession two thousand Ecstasy pills rather than the one thousand pills that had been seized in the residential search. Judge Taylor signed the second search warrant, authorizing a search of the motel room.

In the trial court, Hillegass moved to suppress any evidence seized in the search of the motel room. The trial court found that there had been no probable cause to issue the search warrant for the motel room because it had been based on an affidavit that lacked any temporal reference.

We agree that, standing alone, the second warrant would be flawed. But it seems to us that both warrants may be considered together. We hold that, under all of the circumstances, the magistrate had probable cause to issue the second search warrant.

 A magistrate has broad discretion to determine whether an affidavit demonstrates the requisite probable cause to issue a search warrant.[6] Once the magistrate's decision has been made, it should be shown great deference by a reviewing court, whose role is limited to ensuring that there was a substantial basis for concluding that a search would uncover evidence of wrongdoing.[7] Because affidavits in support of a search warrant are typically drafted by non-lawyers in the haste of a criminal investigation, they should be evaluated in a common-sense, realistic fashion, rather than subjected to elaborate technical requirements.[8]

 But it is also true that an affidavit in support of a search warrant must "contain some information that would allow the magistrate to independently determine that probable cause presently exists—not merely that it existed at some time in the past."[9] Thus, a supporting affidavit that does not give any time frame for the events it describes fails, as a matter of law, to demonstrate probable cause, and a search warrant issued based solely on that affidavit is invalid.[10] In this case, however, the issuing magistrate would have easily inferred a time frame for the events described in the affidavit.

 Judge Taylor first signed a warrant authorizing the search of a specific residence. That warrant and supporting affidavit are part of the record in this case. Two and one-half hours later, Judge Taylor was presented with an affidavit that described the results of the initial residential search and specifically identified the same residence. That the officer failed to include the precise time when that first search had occurred does not invalidate the second warrant. Under the circumstances, common sense dictates that Judge Taylor knew that the events had occurred sometime within the past two and one-half hours.

---

**6.** See *United States v. Ventresca* (1965), 380 U.S. 102, 108–109, 85 S.Ct. 741, 745–746, 13 L.Ed.2d 684, 688–689.

**7.** See *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph two of the syllabus, citing *Illinois v. Gates* (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527. See, also, *Illinois v. Gates*, 462 U.S. at 236, 103 S.Ct. at 2331, 76 L.Ed.2d at 546–547, quoting *Jones v. United States* (1960), 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697, 708.

**8.** See *United States v. Ventresca*, 380 U.S. at 108, 85 S.Ct. at 745–746, 13 L.Ed.2d at at 688–689.

**9.** *State v. Lauderdale* (Feb. 18, 2000), Hamilton App. Nos. C–990294 and C–990295, unreported, 2000 WL 209395, at * 1, citing *Sgro v. United States* (1932), 287 U.S. 206, 210, 53 S.Ct. 138, 140, 77 L.Ed. 260, 262–263.

**10.** See *State v. Lauderdale, supra.* See, also, *State v. Navarre* (June 9, 1989), Wood App. No. WD–88–43, unreported, 1989 WL 61669.

Because the same judge issued both search warrants within two and one-half hours of each other, we conclude that he considered both affidavits in determining that probable cause existed for the second search. We agree with our colleagues in the Twelfth Appellate District that "[t]o hold otherwise would be to presume a competent magistrate in full possession of his faculties [was] unable to remember the nature of a search he authorized three hours earlier * * *, even after his memory was jogged by language appearing in the second warrant." [11]

The second affidavit does not lack a temporal context when considered together with the first search warrant. We thus sustain the state's assignment of error and reverse the trial court's suppression of the evidence seized in the second search.

We so hold with reliance strictly upon the two search warrants admitted into evidence, and not upon any "bolstering" testimony adduced by the state at the hearing on Hillegass's motion to suppress. Therefore, we need not reach the merits of the challenge to the propriety of that testimony presented on appeal by Hillegass in his assignment of error.

*Judgment reversed*
*and cause remanded.*

GORMAN, P.J., and SHANNON, J., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

---

11. *State v. Burns* (Nov. 19, 1984), Warren App. No. CA84–01–004, unreported, 1984 WL 6206, at * 3, citing *United States v. Manufacturers Bank of Detroit* (C.A.6, 1976), 536 F.2d 699, certiorari denied (1977), 429 U.S. 1039, 97 S.Ct. 735, 50 L.Ed.2d 749; *United States v. Nolan* (C.A.6, 1969), 413 F.2d 850; *United States v. Serao* (C.A.2, 1966), 367 F.2d 347, vacated on other grounds in *Piccioli v. United States* (1968), 390 U.S. 202, 88 S.Ct. 899, 19 L.Ed.2d 1034.