UNITED STATES of America, Plaintiff,

v.

Jack J. GREENBERG, Defendant.

No. 71-133.

United States District Court, W. D. Pennsylvania.

Nov. 29, 1971.

Richard L. Thornburgh, U. S. Atty., and Charles F. Scarlata, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Louis C. Glasso, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

McCUNE, District Judge.

We have before us defendant Jack Greenberg's motion for return of property and suppression of evidence made pursuant to Rule 41 of the Federal Rules of Criminal Procedure.[1]

---

1. "(e) Motion for Return of Property and to Suppress Evidence. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for the use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. * * *" Rule 41(e) Fed.R.Crim.P.

At the time of the events complained of, defendant was engaged in the operation of the Eastgate Pharmacy in Monroeville, Pennsylvania. On June 1, 1971, Jack Rowe, an agent with the Bureau of Narcotics and Dangerous Drugs obtained an inspection warrant pursuant to the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A. §§ 801–966 (1971 supp.) (hereafter "the Act"). Under authority of this warrant agent Rowe conducted an inspection of defendant's place of business. This inspection revealed violations of the 1970 Act, particularly 21 U.S.C.A. § 842(a) (5) (1971 supp.). On June 4, 1971, the defendant was arrested for these violations and his inventory of certain drugs was seized.

The legislation under which the government has acted is new. No cases have been brought to our attention which construe this statute. In enacting the 1970 Act, Congress recognized both the utility of many of the drugs covered by the statute and the grave threat presented to our society by the abuse of these drugs, 21 U.S.C.A. § 801 (1971 supp.). Congress also concluded that effective interstate control of drug traffic could be realized only if intrastate incidents of the traffic were also controlled. The 1970 Act endeavors by its terms to cover any and all aspects of the manufacture, and distribution of the controlled drugs with stated exceptions, 21 U.S.C.A. § 822. The statutory scheme requires all engaged in the manufacture and distribution to obtain registration from the United States Attorney General. Those required to register under the 1970 Act are required to keep certain records, 21 U.S.C.A. § 827 (1971 supp.), and failure to keep such records is unlawful, 21 U.S.C.A. § 842(a) (5). Part E, (§§ 871–886) covers the administration and enforcement of the Act and includes provision for search warrants (§ 876), administrative inspection (§ 880) and forfeiture proceedings (§ 881).

Defendant Greenberg presents the following as reasons for granting the relief he asks:

1. The warrant did not describe with sufficient specificity the items and types of property to be seized.

2. There were not sufficient grounds presented to the magistrate to establish that probable cause existed for the issuance of the warrant.

3. The magistrate was not presented sufficient grounds to establish the general credibility and reliability of the affiant nor to establish sufficiently the credibility and reliability of the affiant concerning the specific circumstances of the instant request for issuance of the warrant.

4. Defendant attacks the seizure primarily as exceeding the authority of the warrant.

Stated briefly, defendant contends that the warrant was issued without compliance with the guides enunciated in *Aguilar*[2] and *Spinelli*.[3] We do not believe that the criteria set forth in those cases as definitive of probable cause for Fourth Amendment purposes are particularly applicable to that phrase as it is used in 21 U.S.C.A. § 880(d) (1). Section 880(d) governs the issuance of administrative inspection warrants. It does require that such warrants be issued by a judge or magistrate and then only on showing of probable cause. But probable cause is defined by the Act as

"a valid public interest in the effective enforcement of this subchapter [21 U.S.C.A. §§ 801–886] or regulations thereunder sufficient to justify administrative inspections of the area * * *." 21 U.S.C.A. § 880(d) (1).

The purpose of the enactment of the 1970 Act was to provide a system for the control of drug traffic and to prevent the abuse of drugs. The statutory scheme envisioned by the Act is one of control through record keeping. Any

2. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

3. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

person who desires to shoulder the responsibility of engaging in the manufacture or distribution of these products subjects himself to the regulatory system laid down by the 1970 Act. Registrants are required to keep certain records and to keep them available for inspection. (§ 827(b)). Inspections are authorized either under regulations promulgated by the Attorney General (§ 822(f)) or under inspection warrants (§ 880(d)). An agent of the Bureau of Narcotics can obtain such an inspection warrant on showing a valid public interest in the inspection of a particular registrant's premises. We do not believe that Congress meant by a valid public interest that the agent must show that there is probable cause to believe that a crime has been committed and that the fruits, etc., of that crime are on the premises in question. To the contrary we believe that in the absence of any evidence of the commission of some violation of the Act, a valid public interest in the enforcement of the Act could still be shown. For instance, there is a valid public interest in insuring compliance with the record keeping requirements of the Act. To this end it would seem entirely proper to conduct an inspection of a particular premises simply because a substantial period of time had passed since the last inspection. In the instant case no inspection had ever been made of the premises in question.

■■■ We also believe that a valid public interest in enforcement of the Act could be made out by suspicious actions on the part of a registrant, providing that such suspicions were not patently groundless. We believe that such suspicious conduct is made out in the affidavit of agent Rowe by his allegations that defendant had been purchasing extraordinary quantities of certain controlled substances.

The allowance of a search based on mere suspicion may at first blush appear repugnant to the requirements of the Fourth Amendment. However, when the authority granted under the Act is viewed in its proper perspective, no such repugnance arises. The statutory scheme here in issue is not one of broad application. It allows inspection only of commercial establishments and only such establishments as are engaged in commerce in a particular class of goods deemed to pose a threat to our nation's welfare. Additionally the statute subjects the efforts to conduct inspections to judicial scrutiny. When viewed with these factors in mind the propriety of a particular inspection should not be viewed in the light of *Spinelli*[4].

In the instant case an examination of the record shows that the government did comply with the statute.[5] A properly authorized agent submitted an affidavit to a magistrate. The magistrate found a valid public interest in enforcement of the Act and issued the warrant of inspection. The inspection was promptly and properly conducted the same day. The return was made on the warrant well within the ten days allowed by section 880(d).

We hold that the inspection was properly conducted in accordance with the requirements of 21 U.S.C.A. § 880(d) and therefore that any matters revealed by that inspection are not subject to suppression under Rule 41(e).

■■ Defendant has also asked the return of certain property which he avers was seized improperly under the inspection warrant. We believe that on this matter as on the search issue, defendant starts from an erroneous premise. The record reveals that the seizure was not made pursuant to the warrant. Rather it was made under 21 U.S.C.A. § 881(b) (1), and the matter so seized is the subject of forfeiture proceedings. We are without jurisdiction to order the return of property which is the subject matter of

4. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

5. This distinguishes this case from Colonnade Catering Corp. v. United States, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970), in that in that case the government officials violated the statute.

forfeiture proceedings. Rule 54(b) (5). See United States v. Fields, 425 F.2d 883 (3d Cir. 1970).

For the reasons set forth above defendant's motions for return of seized property and for suppression of evidence are denied.