**UNITED STATES of America**

v.

**Thomas R. PRENDERGAST.**

**Crim. No. 76–273.**

United States District Court,
W. D. Pennsylvania.

Sept. 7, 1977.

932

James J. West, Charles F. Scarlata, Asst. U. S. Attys., Pittsburgh, Pa., for plaintiff.

## MEMORANDUM AND ORDER

COHILL, District Judge.

We have before us defendant, Thomas R. Prendergast's, motion to suppress evidence pursuant to Fed.R.Crim.P. 41(f) and 12(b). On May 26, 1977, a hearing was held regarding this motion and testimony was taken.

At the time of the events complained of, defendant was engaged in the operation of Conroy's Pharmacy in Coraopolis, Pa. On April 30, 1976, William W. Warner, a compliance investigator for the Drug Enforcement Administration, obtained an inspection warrant signed by a United States magistrate pursuant to the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801–966 (hereafter "the Act").

Pursuant to the authority of this warrant, Agent Warner conducted inspections of defendant's place of business on April 30, May 3 and May 6, 1976. Following the inspections a four count indictment was returned charging violations of the Act, namely failing "to make, keep or furnish" certain records, (21 U.S.C. § 842(a)(5)); knowing, intentionally and unlawfully distributing a Schedule IV Controlled Substance (21 U.S.C. § 841(a)(1)); and two counts of making false and fraudulent statements of material fact (18 U.S.C. § 1001).

Defendant avers that the utilization of an administrative warrant was improper and that this utilization was an abuse of the statutory scheme authorizing such warrants and a subterfuge to avoid the probable cause burden applicable to criminal search warrants.

Section 880(d) of the Act governs the issuance of administrative inspection warrants. It requires that such warrants be issued by a judge or magistrate and then only on a showing of probable cause. But probable cause is defined by the Act as: "a valid public interest in the effective enforcement of this subchapter [21 U.S. C.A. §§ 801–886] or regulations thereunder sufficient to justify administrative inspections of the area . . ." 21 U.S.C.A. § 880(d)(1).

There is a valid public interest in insuring compliance with the record keeping requirements of the Act. It would be proper to inspect a particular premises merely because a substantial period of time had passed since the last inspection. *United States v. Greenberg,* 334 F.Supp. 364, 367 (W.D.Pa.1971). In the instant case no inspection had ever been made previously.

When the extent of the inspection is limited to an administrative inspection, an inspection warrant issued upon probable cause as defined by the Act is all that is required; a showing of the probable cause applicable to criminal search warrants is not required. *United States v. Goldfine,* 538 F.2d 815 (9th Cir. 1976). In the instant case the extent of the intrusion was limited to administrative inspections which were conducted promptly and properly.

We hold that the inspections were conducted in accordance with the requirements of 21 U.S.C. § 880(d) and therefore that any matters revealed by those inspections are not subject to suppression.

The motion will be denied.