**UNITED STATES of America, Appellee,**

v.

**Thomas R. PRENDERGAST, Appellant.**

**No. 78–1357.**

United States Court of Appeals, Third Circuit.

Argued Sept. 5, 1978.

Decided Sept. 29, 1978.

Charles F. Scarlata, Pittsburgh, Pa., for appellant.

Blair A. Griffith, U. S. Atty., by John P. Panneton, Faye M. Gardner, Asst. U. S. Attys., Pittsburgh, Pa., for appellee.

Before ALDISERT and HIGGINBOTHAM, Circuit Judges, and MEANOR,* District Judge.

## OPINION OF THE COURT

PER CURIAM.

Appellant, a pharmacist, was tried on a four count indictment. Count I, upon which he was acquitted, charged the unlawful distribution of phentermine contrary to 21 U.S.C. § 841(a)(1). Counts II and III, upon which he was convicted, asserted the making of false and fraudulent statements, in violation of 18 U.S.C. § 1001, and Count IV, on which conviction also ensued, involved appellant's failure to keep required records. 21 U.S.C. § 842(a)(5).

On March 17, 1976, an agent of the Drug Enforcement Administration made an undercover purchase of 1,000 phentermine tablets. It was discovered that appellant's pharmacy had purchased phentermine from the same manufacturing lot that had been involved in the undercover purchase. An administrative search warrant was procured pursuant to 21 U.S.C. § 880(d), following which the indictment was returned. Appellant moved to suppress the results of the search conducted pursuant to the administrative warrant and his motion was denied. *United States v. Prendergast*, 436 F.Supp. 931 (W.D.Pa.1977). He now asserts that this denial was error.

First, we reject the argument that the affidavit in support of the warrant was insufficient to establish probable cause for its issuance. 21 U.S.C. § 880(d) provides:

For the purposes of this section, the term "probable cause" means a valid public interest in the effective enforcement of this subchapter or regulations thereunder sufficient to justify administrative inspections of the area, premises, building or conveyance, or contents thereof, in the circumstances specified in the application for the warrant.

The affidavit presented in support of the warrant recited that appellant's pharmacy sold drugs or other substances included in the Comprehensive Drug Abuse Prevention and Control Act of 1970 (P.L. 91–513) and that his pharmacy had not previously been inspected. Probable cause in the criminal law sense is not required to support the issuance of an administrative warrant. *Marshall v. Barlow's Inc.*, 436 U.S. 307, 320, 98 S.Ct. 1816, 1824, 56 L.Ed.2d 305, 316 (1978). The fact that appellant's pharmacy had never before been inspected to insure compliance with compulsory record keeping requirements is a circumstance that alone is sufficient to justify an administrative warrant in light of the deep public interest in enforcing compliance with record keeping requirements. *United States v. Goldfine*, 538 F.2d 815, 818–819 (9th Cir. 1976); *United States v. Greenburg*, 334 F.Supp. 364, 367 (W.D.Pa.1971); *United States v. Prendergast, supra.*

It is further contended that the motion to suppress should have been granted because the procurement of an administrative warrant in aid of a criminal investigation was a subterfuge in avoidance of the probable cause burden that must be met to support a criminal search warrant.

This precise issue was considered by the Ninth Circuit in *United States v. Goldfine, supra.* There, the defendants were suspected of criminal violations of the drug laws. Despite this, an administrative warrant was secured and upon its execution evidence was gathered that, as here, was used in the subsequent criminal prosecution. There, as here, it was contended that the use of an administrative warrant was improper and that only a warrant based upon the traditional criminal law standards of probable

---

* H. Curtis Meanor, United States District Judge for the District of New Jersey, sitting by designation.

cause could be used to gather evidence of the commission of crime. The Ninth Circuit answered this argument as follows:

We agree with the Second Circuit in *Colonnade Catering Corp. v. United States,* 410 F.2d 197, 205 (2d Cir. 1969), *rev'd on other grounds,* 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970), that "[a]cceptance of defendant's contentions would place the agent in the position of being authorized to conduct a warrantless search [or administrative inspection] only when he had no reason to suspect a possible violation." We reject the proposition that pharmacies as to which there is probable cause to suppose a violation are by that fact rendered exempt from administrative inspection and subject only to search for evidence of crime. The administrative need for and the public interest in inspection continue to provide justification apart from the obtaining of evidence of crime.

If evidence of a crime is sought that would not be disclosed by an inspection under § 880(b)(1), limited to the purposes there specified, a search warrant specifying such evidence would be required and would have to be supported by a showing of probable cause to suppose the presence of that which was sought. However, if the extent of the intrusion is to be limited to an inspection under § 880(b)(1) an administrative inspection warrant upon probable cause as defined in § 880(d)(1) is all that is required.

(Footnote omitted.) 538 F.2d at 819.

We are in accord with the Ninth Circuit's reasoning and conclusion and therefore hold that denial of the motion to suppress was correct.[1] We have examined the other arguments raised by appellant and find them to be without merit.[2] The judgment of the district court will be affirmed.

---

1. We do not find *United States v. LaSalle National Bank,* —— U.S. ——, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978) to be of aid to appellant on this issue. There, the Court sanctioned the use of an IRS administrative summons solely to gather evidence in aid of a planned criminal prosecution because (1) there had been no recommendation by the IRS to the Department of Justice that criminal prosecution be undertaken, and (2) there had been no finding that the IRS had abandoned, "in an institutional sense" pursuit of civil tax liability. Here, there was no commitment to criminal prosecution by the DEA prior to the issuance of the administrative warrant as distinguished from imposition of civil penalties for violation of record keeping requirements. In light of the continu-

ing potential pursuant to the administrative warrant issued here of civil enforcement of the record keeping requisites, there was no violation of *LaSalle* in utilization of that warrant.

2. These additional arguments are that the district court (1) erred in permitting the government to introduce a chart purporting to reflect shortages of Schedule II substances; (2) that introduction of evidence of an unrelated undercover purchase of phentermine was improper; and (3) that appellant's Motion for Judgment of Acquittal should have been granted because the government had not proven the record keeping violations with respect to phentermine.