**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Herbert W. VOORHIES, M.D., Defendant-Appellant.**

**No. 80–5077.**

United States Court of Appeals, Sixth Circuit.

Argued June 5, 1981.

Decided Nov. 2, 1981.

Richardson R. Lynn, Agoura, Cal., Jack Ritter, Los Angeles, Cal., for defendant-appellant.

Hal D. Hardin, U. S. Atty., Margaret M. Huff, Nashville, Tenn., for plaintiff-appellee.

Before EDWARDS, Chief Judge, and WEICK and MERRITT, Circuit Judges.

GEORGE CLIFTON EDWARDS, Jr., Chief Judge.

Defendant Voorhies, a doctor practicing in Nashville, Tennessee, appeals from a conviction after jury trial for unlawfully distributing controlled substances, in violation of 21 U.S.C. § 841(a)(1) (1976). The jury found defendant guilty on 49 counts of illegal distribution of amphetamines, amphetamine-like drugs and various other controlled substances based on evidence which we find supports their verdict.

Appellant presents only two issues of arguable merit. He first contends that the search warrant under which hundreds of his patient medication cards were seized by microfilming was invalid because the application for the search warrant relied upon the following statement by a compliance investigator for the Drug Enforcement Administration: "The establishment has not been previously inspected pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970."

The applicable statutory provision authorizing the Attorney General to conduct administrative inspections under the Comprehensive Drug Abuse Prevention and Control Act is 21 U.S.C. § 880(b)(1) (1976), which provides as follows:

For the purpose of inspecting, copying, and verifying the correctness of records, reports, or other documents required to be kept or made under this subchapter and otherwise facilitating the carrying out of his functions under this subchapter, the Attorney General is authorized, in accordance with this section to enter controlled premises and to conduct administrative inspections thereof, and of the things specified in this section, rele-

vant to those functions. 21 U.S.C. § 880(b)(1).

Probable cause for issuance of an administrative search warrant is defined in 21 U.S.C. § 880(d)(1) (1976) as follows:

[T]he term "probable cause" means a valid public interest in the effective enforcement of this subchapter or regulations thereunder sufficient to justify administrative inspections of the area, premises, building, or conveyance, or contents thereof, in the circumstances specified in the application for the warrant. 21 U.S.C. § 880(d)(1).

■ The statutory scheme of which the above two paragraphs are a part contemplates careful regulation and control of potentially harmful drugs and 21 U.S.C. § 827 requires the keeping of records which must be made available for inspection. Careful inspection of the applicable statute shows clearly that the requirements of the statute were meant by Congress to apply to a medical "practitioner," (see 21 U.S.C. § 802(20)) who packs or holds controlled substances and dispenses them to ultimate users. (Sec. 21 U.S.C. §§ 802(10) and 822.) It therefore appears that the regulation of dispensation of narcotics by persons in medical practice[1] is a part of the comprehensive scheme set forth in the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq.

In the case at hand, the application for the administrative search warrant stated:

Larry W. Lockhart, a duly authorized Compliance Investigator of the Drug Enforcement Administration, Department of Justice, Nashville, Tennessee, hereby applies for an inspection warrant, pursuant to Section 510 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (P.L. 91–513), (Title 21, United States Code, Section 880), for the inspection of the establishment as follows:

Herbert W. Voorhies, M.D.
2412 12th Avenue South
Nashville, Tennessee 37204

1. Drugs or other substances included in the Comprehensive Drug Abuse Prevention and Control Act of 1970 (P.L. 91–513) (Title 21, United States Code, Section 811) are packed or held in this establishment.

2. The establishment has not been previously inspected pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970.

3. This is an inspection undertaken as a part of a statutorily authorized inspection program designed to assure compliance with the Comprehensive Drug Abuse Prevention and Control Act of 1970 (P.L. 91–513).

4. The inspection will be conducted within regular business hours. The compliance investigator's credentials will be presented to the registrant as prescribed in Section 510 of the Act. The inspection will begin as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness.

5. The inspection will extend to the establishment and all pertinent equipment, finished and unfinished materials, containers and labeling therein, and all books and records required to be maintained by law.

6. Samples and/or records will be seized when necessary to a reasonable

1. This case does not involve forcible seizure of the patient records of a normal medical practice. At the time involved, Dr. Voorhies was practicing three weeks out of each month in California and one week in Nashville, Tennessee. The evidence in the case indicates that 80% of his Nashville patients were "weight reduction" patients. The testimony at the trial provided evidence from which the jury could have concluded that he was much more specifically in the business of selling drugs than engaging in the profession of medicine. The patient records which were "seized" (micro-filmed) were identified by the defendant as the only record he kept concerning dispensation as required by the terms of the Comprehensive Drug Abuse Prevention and Control Act of 1970. While the agent stated that he had a search warrant, the defendant did not refuse to allow microfilming. Thus, no decision was made concerning forcible seizure or alternatively another application for a regular search warrant based upon probable cause. See Zap v. United States, 328 U.S. 624, 66 S.Ct. 1277, 90 L.Ed. 1477 (1946).

inspection and receipt will be given therefor.

7. The compliance investigator named hereinbefore may be accompanied by one or more compliance investigators also duly authorized by the Drug Enforcement Administration, Department of Justice and/or investigators from the Tennessee Department of Public Health, Health Related Boards.

8. A return will be made to the Court at the completion of the inspection.

9. The authority for the issuance of the inspection warrant is Section 510 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (P.L. 91–513), *Camara v. Municipal Court,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); *See v. Seattle,* 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967) and *Colonnade Catering Corporation v. United States,* 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970).

Sworn to and subscribed by

    s/ Larry W. Lockhart
    LARRY W. LOCKHART
    Drug Enforcement Administration

■ We believe the government's representation in the application for the warrant that the premises to be searched had never before been inspected constituted a "valid public interest" justifying issuance of an administrative search warrant, and, together with the statement of congressional findings and purposes in the act served to satisfy the requirements of the Fourth Amendment under the facts of this case. *United States v. Prendergast,* 585 F.2d 69 (3d Cir. 1978); *United States v. Goldfine,* 538 F.2d 815 (9th Cir. 1976). While we note appellant's argument that this court should reject *Prendergast* and *Goldfine* and adopt a rule requiring "a showing of suspicious activity" before the Magistrate who issued the administrative search warrant, we do not find such a requirement either in the legislative history, or in any of the Supreme Court cases arguably relevant here. *See Camara v. Municipal Court,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967), and *Colonnade Catering Corporation v. United States,* 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970), both of which upheld *warrantless* inspections authorized by comprehensive acts. See also *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1977) and *Donovan v. Dewey,* —— U.S. ——, 101 S.Ct. 2534, 69 L.Ed.2d 262 (1981).

■ Appellant's second contention is that the District Judge's charge failed to separately describe two elements of the crime and failed to tell the jury that in the absence of proof of both, the defendant must be acquitted. As to the District Court's charge, we find no error requiring reversal of this case. The paragraphs objected to are as follows:

The essential elements of the offense charged in Count One are as follows: ...

4. That the substances dispensed by the defendant were so dispensed for other than a legitimate medical purpose in the usual course of professional practice.

.    .    .    .    .

Unless you find beyond a reasonable doubt that an act of dispensation charged in the indictment against a physician defendant was not done by the defendant physician in the usual course of his professional practice, then you should find him not guilty.

The language chosen in the first paragraph above by the District Judge is drawn directly from 21 C.F.R. § 1306.04(a) which says as follows:

A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice....

The District Judge's charge, however, did not stop there. On the contrary, we believe that taken as a whole, it was calculated to protect any physician who made a good faith effort to comply with the law. For example, the District Judge specifically instructed the jury as follows:

A controlled substance is dispensed by a physician in the usual course of his professional practice, and therefore lawfully, if the substance is dispensed by him in good faith in medically treating a patient.

Good faith in this context means good intentions and honest exercise of best professional judgment as to a patient's medical needs. It connotes an observance of conduct in accordance with what the physician should reasonably believe to be proper medical practice.

This case was well prepared and well tried. We would find it hard to fault the jury for finding a defendant guilty who prescribed amphetamines for a patient who came in to ask for "black widows" in order to party with her friends.

The judgment of conviction is affirmed.