**In the Matter of Edward R. BURKA, M.D., United States Department of Justice, Drug Enforcement Administration.**

**Misc. Civ. No. 88–0003.**

United States District Court, E.D. Pennsylvania.

May 9, 1988.

Ralph J. Caccia, Stephen V. Wehner, Santarelli, Smith, Kraut and Carroccio, Washington, D.C., for petitioner Burka.

Edward S.G. Dennis, Jr., U.S. Atty., Serena H. Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant Drug Enforcement Admin.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

On May 5, 1987, Magistrate William Hall of the United States District Court for the Eastern District of Pennsylvania issued, pursuant to 21 U.S.C. § 880(d)(1), Administrative Inspection Warrant 87–692–M, authorizing the Drug Enforcement Administration ("DEA") to inspect the medical office of Edward R. Burka, M.D. An administrative inspection and audit of Dr. Burka's office and medical records was conducted during the period May 5, 1987 through June 3, 1987. Based upon the results of the inspection and audit, the DEA Administrator, on September 2, 1987, issued an Order to Show Cause why Dr. Burka's registration should not be permanently revoked on the ground that such registration was inconsistent with the public interest, as determined pursuant to 21 U.S.C. §§ 823(f) and 824(a)(4). Simultaneously with the issuance of the Show Cause Order, the Administrator temporarily suspended Dr. Burka's registration until a "final determination" is reached in the revocation proceedings, pursuant to 21 U.S.C. § 824(d). The Administrator preliminarily concluded that Dr. Burka's continued registration, during the pendency of the revocation proceedings, would constitute an imminent danger to the public health and safety. *See* 21 C.F.R. § 1301.46. Pursuant to 21 C.F.R. § 1301.46(a), the DEA Administrator provided a statement of the findings regarding the danger to the public health or safety which resulted in the decision to temporarily suspend Dr. Burka's registration:

1. That Dr. Burka did not maintain required records for the ordering and dispensation of certain Schedule II controlled substances.
2. That the DEA interviewed individuals to whom Dr. Burka allegedly dispensed certain controlled substances and that these individuals stated that controlled substances were never dispensed to them.
3. That the DEA interviewed individuals and physicians who worked in Dr. Burka's office and that these individuals stated they had no knowledge of any dispensing of controlled substances.
4. That subsequent to a DEA investigation conducted in May and June, 1987 and the execution of a search warrant in August 1987, Dr. Burka continued to order certain Schedule II controlled substances.

On January 8, 1988, Dr. Burka petitioned this Court, pursuant to 21 U.S.C. § 824(d) to dissolve the DEA suspension of his DEA registration on the ground that (1) no admissible evidence existed to support the finding made by the DEA Administrator that Dr. Burka's continued registration posed an imminent danger to the public health and safety, and (2) in the absence of such a legal finding, the DEA violated Dr. Burka's constitutional right to procedural due process by suspending his registration without providing Dr. Burka with either prior notice or an opportunity for a hearing as to the temporary suspension. Subsequently, on February 8, 1988, Dr. Burka moved this Court to suppress all evidence derived from the execution of Administrative Inspection Warrant 87–692–M on the ground that inasmuch as the affidavit submitted in support of the request for the warrant failed to establish a probable cause, the issuance of the warrant by the United States Magistrate violated Dr. Burka's Fourth Amendment rights.

For the reasons stated below, this Court finds that probable cause did exist for the

issuance by Magistrate Hall of Administrative Inspection Warrant 87–692–M. Accordingly, this Court will deny both Dr. Burka's Motion to Suppress as well as his Petition to Dissolve the Suspension of his Registration.

## I.

The Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq.* ("Act") established a closed system of drug distribution for legitimate handlers of controlled substances. The statute attempts to control the flow of controlled substances through registration of and record keeping by all those within the "legitimate distributional chain", and prohibition of all transactions outside that chain. *See* U.S.Code Cong. & Admin.News 4566, 4569 (1970). Thus, the Act requires those who manufacture, distribute, import, export, dispense, and/or administer controlled substances to register with the Attorney General, 21 U.S.C. §§ 822–823, and adhere to certain record keeping and reporting requirements. 21 U.S.C. § 827, 21 C.F.R. § 1304.01, *et seq.* Manufacturers, distributors and wholesalers of controlled substances are required to file records of sales to physicians and other medical practitioners with the DEA Automation of Reports and Consolidated Orders System ("ARCOS") unit in Washington, D.C. 21 C.F.R. § 1304. The ARCOS unit, in turn, identifies those physicians and other medical practitioners who have purchased large quantities of controlled substances through the issuance of Excessive Purchase Reports.

The Act also authorizes the DEA to conduct periodic inspections of the establishments of those required to register with the Attorney General. 21 U.S.C. § 822(f). DEA regulations evidence an intent by the Agency to conduct such inspections at least once every three years. 21 C.F.R. § 1316.13. In addition, the Act authorizes administrative inspections of "controlled premises," e.g. places where original or other records or documents required thereunder are kept or are required to be kept, pursuant to an applicable inspection warrant. 21 U.S.C. § 880(a) and (b). The statute defines the level of "probable cause" required for the issuance of an administrative inspection warrant:

... For purposes of this section, the term "probable cause" means a valid public interest in the effective enforcement of this subchapter or regulations thereunder sufficient to justify administrative inspections of the area, premises, building, or conveyance, or contents thereof, in the circumstances specified in the application for the warrant.

21 U.S.C. § 880(d)(1).

## II.

An administrative inspection warrant, to be valid, must be supported by an affidavit establishing the statutorily proscribed standard of probable cause. Such probable cause determinations are to be made by reviewing the "totality of the circumstances" set forth within the four corners of the underlying affidavit. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Because probable cause is a fluid concept not easily reduced to a precise set of legal rules,

[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Id.,* 462 U.S. at 238, 103 S.Ct. at 2332; *see also United States v. Kepner and Brown,* 843 F.2d 755, 762 (3d Cir.1988); *United States v. Tehfe,* 722 F.2d 1114, 1117–18 (3d Cir.1983), *cert. denied,* 466 U.S. 904, 104 S.Ct. 1679, 80 L.Ed.2d 154 (1984). A reviewing court may not undertake a de novo determination of probable cause and should determine only whether there is substantial evidence to support the magistrate's decision to issue the warrant. *Illinois v. Gates, supra,* 362 U.S. at 238–39; 103 S.Ct. at 2331. In so doing, this Court must pay great deference to the magistrate's determination of probable cause. *Massachusetts v. Upton,* 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). Thus, if the Court determines that the magistrate issued a

warrant because a common sense interpretation of the affidavit provided a substantial basis for concluding that probable cause existed, it must affirm the magistrate's issuance of the warrant. *United States v. Kepner and Brown,* supra, at 762.

■ The inquiry, therefore, is whether the warrant application submitted to Magistrate Hall by DEA Agent J. Anthony Sheller ("Agent Sheller") provided sufficient facts to satisfy the standard of probable cause as defined in 21 U.S.C. § 880(d)(1). The critical portions of Agent Sheller's application recited the following:

4. EDWARD R. BURKA, MD is registered with the Attorney General under the provisions of Title 21, United States Code, Sections 822 and 823, and has been assigned DEA Registration Number AB5984910.

5. During the past 2 years, this registrant has been purchasing controlled substances and has come into possession of large quantities of Schedule II controlled substances in the ordinary course of business.

6. EDWARD R. BURKA, MD is required to keep on his premises complete and accurate records of all controlled substances received, sold, delivered or otherwise disposed of by him under the provisions of Title 21, United States Code, Section 827 and Title 21, Code of Federal Regulations, Section 1301.01 *et seq.*

7. I further represent that I have examined the files and records of the Drug Enforcement Administration in the Philadelphia Field Division and have determined that there is no record in said office of any recent inspection of the controlled premises belonging to EDWARD R. BURKA, MD, in the preceding twenty-four months.

8. Further, I state that, in view of the foregoing circumstances, the inspection applied for is for the purpose of protecting the health and safety. The need for the inspection, copying and verifying the records, reports and other documents required to be kept and

maintained results from a valid public interest in the enforcement of the Comprehensive Drug Abuse Prevention and Control Act of 1970 and the regulations issued thereunder. And, I believe that additional probable cause exists for this administrative inspection because:

a) EDWARD R. BURKA, MD is identified in the ARCOS/DADS Excessive Purchase Reports for the period January 1, 1986 to March 31, 1987, for the excessive purchase of 58,200 dosage units of Dilaudid 4 mg. tablets, a Schedule 2 controlled substance.

This Court finds that the facts contained in Agent Sheller's affidavit provided Magistrate Hall with a substantial basis for concluding the existence of "probable cause," as defined in 21 U.S.C. § 880(d)(1).

In this Circuit, an affidavit setting forth the allegation that a registrant has made a large purchase of controlled substances has been held to satisfy the probable cause standard of § 880(d)(1). In *United States v. Montrom,* 345 F.Supp. 1337, 1342 (E.D. Pa.1972), *affirmed without opinion,* 480 F.2d 918, 919 (3d Cir.1973), the court found that a registrant's "mammoth purchases" of a controlled substance "amply satisfied" the probable cause standard. Similarly, in *United States v. Greenberg,* 334 F.Supp. 364, 367 (W.D.Pa.1971), the court found that probable cause was established by the "suspicious actions" of the registrant in purchasing "extraordinary quantities" of drugs. Moreover, at least two additional Circuits have held that the large purchases of controlled substances, without more, meets the probable cause standard for the issuance of an administrative inspection warrant. *See Matter of Searches and Seizures Conducted,* 665 F.2d 775, 777 (7th Cir.1981); *United States v. Schiffman,* 572 F.2d 1137, 1140 (5th Cir.1978).

In the instant case, the Affidavit submitted by Agent Sheller explicitly states that during the past two years, Dr. Burka had made "excessive purchases" of Dilaudid, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812. The affidavit properly identifies the source

of the information to be the ARCOS/DADS Excessive Purchase Reports which are compiled pursuant to federal regulations. *See* 21 C.F.R. § 1304.34–1304.38. This Court is required to interpret applications for search warrants in a common sense and realistic fashion. *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 743, 13 L.Ed.2d 684 (1965). Such a reasonable interpretation of the application in question demands the conclusion that Magistrate Hall properly understood the use of the term "excessive purchases" to mean that the "registrant was purchasing a sufficient quantity of drugs to be of concern to the enforcement of the Act." *United States v. Schiffman, supra,* 572 F.2d at 1141.

In addition, it has been held in this Circuit that the fact that a registrant's controlled premises had "never before been inspected to insure compliance with compulsory record keeping requirements is a circumstance that alone is sufficient to justify an administrative warrant in light of the deep public interest in enforcing compliance with record keeping requirements." *United States v. Prendergast,* 585 F.2d 69, 70 (3d Cir.1978). Moreover, numerous courts have found that an administrative inspection warrant may be issued pursuant to 21 U.S.C. § 880(d)(1) merely because a substantial period of time has passed since a previous inspection. *See United States v. Prendergast,* 436 F.Supp. 931 (W.D.Pa. 1977), *affirmed,* 585 F.2d 69, 70 (3d Cir. 1978); *United States v. Greenberg,* 334 F.Supp. 364, 367 (W.D.Pa.1971); *United States v. Goldfine,* 538 F.2d 815, 818–819 (9th Cir.1976); *United States v. Osborne,* 512 F.Supp. 413, 414 (E.D.Tenn.1980); *see also Camara v. Municipal Court,* 387 U.S. 523, 538, 87 S.Ct. 1727, 1735, 18 L.Ed.2d 930 (1967) (the passage of a certain period of time without inspection might of itself be sufficient to justify issuance of warrant).

In the case at bar, the affidavit advised the Magistrate that there was no record "of any recent inspection of the controlled premises belonging to Edward R. Burka, M.D., in the preceding twenty-four months." While the allegation alone is sufficient to establish probable cause, the fact that the affidavit also indicated that during this period Dr. Burka purchased 58,200 dosage units of a controlled substance, clearly demonstrated an even more compelling public interest in inspecting the records required by law to be kept to show the disposition of such drugs. Thus, because Dr. Burka, who was required to maintain records of controlled substances, had not been the subject of an inspection for a substantial period despite large purchases of controlled substances, probable cause for the issuance of the administrative inspection warrant did exist.

Accordingly, Dr. Burka's Motion to Suppress the Evidence derived from the execution of Administrative Inspection Warrant 87–692–M will be denied.

### III.

Dr. Burka has also petitioned this Court to dissolve the DEA suspension of his registration. 21 U.S.C. § 824(d) provides in pertinent part:

The Attorney General may, in his discretion, suspend any registration simultaneously with the institution of proceedings under this section in cases where he finds that there is an imminent danger to the public health or safety.

The Attorney General has delegated this discretion to the Administrator of the DEA. *See* 28 C.F.R. Sections 0.100 and 0.104. In those instances where the DEA Administrator makes the finding that the continued registration of a registrant constitutes an "imminent danger to the public health or safety," the Administrator may, without providing the registrant with prior notice or hearing, suspend the registration "until the conclusion of such proceedings, including judicial review thereof, unless sooner withdrawn by the Attorney General or dissolved by a court of competent jurisdiction." 21 U.S.C. § 824(d). On September 2, 1987, the DEA Administrator temporarily suspended Dr. Burka's registration.

Dr. Burka bases his petition to dissolve the DEA suspension of his registration on the ground that insufficient evidence existed to support the requisite finding by the

DEA Administrator that Dr. Burka's continued registration posed "an imminent danger to the public health and safety." Dr. Burka's petition, however, is predicated on two incorrect assumptions: first, that this Court would suppress the evidence derived from the execution of administrative inspection warrant no. 87–692–M; and, second, in the event this Court did suppress the evidence obtained as a result of the administrative inspection warrant, the only evidence that would have been before the DEA Administrator at the time of the suspension of Dr. Burka's registration was the affidavit submitted by Agent Sheller in support of the application for an administrative inspection warrant. In point of fact, because this Court did not grant Dr. Burka's motion to suppress, the evidence derived from the execution of the administrative inspection warrant was properly before and utilized by the DEA Administrator. Accordingly, Dr. Burka's petition, based as it is on incorrect factual predicates, must fail.

Moreover, inasmuch as Congress has granted the DEA Administrator significant discretion in making the preliminary determination of whether a registration should be temporarily suspended, this Court's scope of judicial review is very limited:

> The district judge does not sit as an agency official responsible for weighing evidence and making the initial [suspension] decision. Rather, s/he is limited in her or his authority to finding whether the agency action was rational, based on relevant factors, and within the agency's statutory authority.

*Shane Meat Co. v. U.S. Department of Defense,* 800 F.2d 334, 336 (3d Cir.1986) *quoting Frisby v. U.S. Department of Housing and Urban Development,* 755 F.2d 1052, 1055 (3d Cir.1985). This Court finds that the action by the DEA Administrator was both rational and clearly within the agency's statutory authority. In addition, the findings upon which the DEA Administrator relied in suspending Dr. Burka's registration and which, pursuant to 21 C.F.R. § 1301.46(a), were stated in the Show Cause Order, were clearly relevant to the Agency's statutory purpose of preventing imminent danger to the public health and safety by controlling the diversion of controlled substances. Accordingly, Dr. Burka's Petition to Dissolve the DEA Suspension of his Registration will be denied.

## IV.

For the reasons stated, this Court will deny both Dr. Burka's Motion to Suppress and his Petition to Dissolve the DEA Suspension of his Registration.