**UNITED STATES of America**

v.

**Lee COOK and James Cook.**

**UNITED STATES of America**

v.

**Lee COOK and Jackie B. Kirk.**

**Crim. Nos. H–78–179, H–78–180–S–1.**

United States District Court,
S. D. Texas,
Houston Division.

July 17, 1980.

Dan Kamin, Asst. U. S. Atty., Houston, Tex., for plaintiff in both cases.

Charles Szekely, Asst. Federal Public Defender, Houston, Tex., for defendant Lee Cook in both cases.

James Beauchamp, Houston, Tex., for defendant James Cook in No. 78–179.

W. B. "Bennie" House, Jr., Houston, Tex., for defendants in No. H–78–180–S–1.

## ORDER

McDONALD, District Judge.

Presently before the Court are defendant James Cook's Motion to Suppress and defendant Lee Cook's Motion to Suppress in H–78–179 and defendant Jackie Kirk's Motion to Suppress and defendant Lee Cook's Motion to Suppress in H–78–180–S. A hearing was held on the motions on June 5, and 6, 1980. The motions have been extensively briefed and argued.

### CRIMINAL NO. H–78–179

The government contends that the motions to dismiss in H–78–179 must be denied because the defendants failed to show that they had any legitimate expectation of privacy in the area searched or the items seized. *See Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). The Court agrees. Neither defendant, it should be noted, testified as to any personal privacy or possessory interest he had in the office of the Sam Houston Inn, the area searched; the testimony of each related to his interest in the videotapes, the equipment, and the documents seized. Defendant James Cook testified that he borrowed these articles from his brother, defendant Lee Cook, who owned them. He then arranged to have them placed, he said, in the office of the Sam Houston Inn. He stated that he fully expected at least some of the Inn's employees to handle and use these articles in arranging to have the videotapes viewed by the Inn's guests. Based on that testimony, the Court concludes that defendant James Cook had no expectation of privacy in the area searched or the articles seized, much less a reasonable one. Defendant Lee Cook had no greater an expectation of privacy in the articles seized or the area searched than did his brother, but he did own the articles seized. Ownership,

alone, would, at one time, have been sufficient to enable defendant Lee Cook to challenge the search. *See United States v. Jeffers*, 342 U.S. 48, 52, 72 S.Ct. 93, 95, 96 L.Ed. 59 (1951); *Jones v. United States*, 362 U.S. 257, 261–264, 80 S.Ct. 725, 731–733, 4 L.Ed.2d 697 (1960); *Simmons v. United States*, 390 U.S. 377, 389–391, 88 S.Ct. 967, 973–975, 19 L.Ed.2d 1247 (1968); *Rawlings v. Kentucky*, —— U.S. ——, ——, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980). That, however, is no longer the case. Approximately three weeks after the hearing on the motions to suppress, the Supreme Court held that ownership of the articles seized, without more, does not, under *Rakas v. Illinois, supra*, enable an individual to challenge a seizure under the Fourth Amendment. *See Rawlings v. Kentucky, supra.* That being so, the defendants' claims must fail.

CRIMINAL NO. H–78–180–S–1

■ In H–78–180–S–1, defendant Jackie Kirk conceded at the hearing that he had no "standing" to challenge the search in H–78–180–S–1. His Motion to Suppress, therefore, must be denied. The government conceded, however, that defendant Lee Cook did have a legitimate expectation of privacy as to the facility searched at 4125 Hollister Road. Given that concession, defendant Lee Cook's Motion to Suppress must be granted. The Fourth Amendment provides that, "[n]o warrants shall issue, but upon probable cause . . . and particularly describing the . . . things to be seized." As the Supreme Court said in *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 75 L.Ed. 231 (1927), "[t]he requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." "Technical precision of description is not required. It is only necessary that there be reasonable particularity and certainty as to the identity of the property to be searched for and seized, so that the warrant shall not be a mere roving commission." *United*

*States v. Quantity of Extracts, Bottles, etc.*, 54 F.2d 643, 644 (S.D.Fla.1931); *United States v. Drebin*, 557 F.2d 1316, 1322 (9th Cir. 1977).

■ The warrant in the present case violated the Fourth Amendment because it constituted precisely such a "roving commission." As "the evidence before the magistrate [did not] explain the method by which the executing agents [were] to differentiate the [items to be seized] from the rest of [the] defendant's inventory," *United States v. Cortellesso*, 601 F.2d 28, 31 (1st Cir. 1979), it is not surprising that, "[t]he warrant as drawn left it entirely up to the discretion of the officers to determine what . . . to seize." *United States v. Abrams*, 615 F.2d 541, 544 (1st Cir. 1980). The search conducted pursuant to the warrant was precisely the type of general search the Fourth Amendment was designed to protect against; the inventory of the items seized speaks for itself. It is important to note, however, that some guidelines were established. Special Agent Kelleher, the FBI agent in charge of the search, testified, for example, that he instructed his fellow agents only to seize items related to motion pictures that were recent and that were not sexually explicit. That, however, does not suffice. Under the Fourth Amendment, the guidelines as to what is to be seized are to be drawn not by the FBI agent in charge of the search, but by the judicial officer issuing the warrant. *Marron v. United States, supra; Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976). *See also United States v. United States District Court*, 407 U.S. 297, 316, 92 S.Ct. 2125, 2136, 32 L.Ed.2d 752 (1972), quoting *Leach v. Three of King's Messengers*, 19 How.St.Tr. 1001, 1027 (1765) (" 'It is not fit,' said [Lord] Mansfield, 'that the receiving or judging of the information should be left to the discretion of the officer. The magistrate ought to judge; and should give certain directions to the officer.' "). This requirement is particularly important where, as in the present case, an unrestricted search will result in seizure of items protected by the First Amendment. *See Stanford v. Texas*, 379 U.S. 476, 485, 85 S.Ct. 506, 511, 13 L.Ed.2d

431 (1965). "The underlying measure of adequacy," the Eighth Circuit has said, "is whether given the specificity in the warrant, a violation of personal rights [was] likely." *United States v. Johnson*, 541 F.2d 1311 (8th Cir. 1976). In the present case, it was.

### CONCLUSION

In accordance with the views expressed above, it is hereby ORDERED, ADJUDGED, and DECREED that defendant James Cook's Motion to Suppress and defendant Lee Cook's Motion to Suppress in H–78–179 be, and the same are, DENIED. It is further ORDERED, ADJUDGED, and DECREED that defendant Jackie Kirk's Motion to Suppress in H–78–180–S–1 be, and the same is, DENIED and that defendant Lee Cook's Motion to Suppress in H–78–180–S–1 be, and the same is GRANTED.